CARPENTER–GLASS LUMBER COMPANY v. GERMANIA FIRE
INSURANCE COMPANY.[1]

June 6, 1902.

Nos. 13,030—(141).

**Insurance Policy—New Trial.**

> In an action to recover upon an insurance policy, the evidence is examined, and *held* not so clearly against the findings of the trial court as to justify this court in setting them aside.

Appeal by defendant from an order of the district court for Hennepin county, McGee, J., denying a motion for a new trial. Affirmed.

*Brown & Kerr*, for appellant.

*Charles J. Traxler*, for respondent.

BROWN, J.

Action to recover upon an insurance policy. Plaintiff had judgment in the court below, and defendant appealed from an order denying its motion for a new trial.

The facts are as follows: Plaintiff, a corporation, was engaged in business at Kenyon, this state, dealing in lumber, coal, and other articles usually carried by similar dealers. Its lumber yard was located upon block 37, where it kept in stock all its lumber, and material used in connection therewith. At a distance of some blocks, upon the right of way of a railroad company, it owned a coal shed, in which it stored coal kept for sale in its business. On July 20, 1899, defendant issued a policy of insurance to plaintiff, in which the property covered and intended to be insured was described as follows:

"$150 on their coal house situated on the right of way of the Chicago Great Western Railroad at Kenyon, Minn.: $150 on their soft and hard coal while contained in the above coal house."

The policy was in the Minnesota standard form, and contained the usual prohibition against other insurance exceeding the insur-

[1] Reported in 90 N. W. 766.

able value of the property. On April 14, 1900, defendant issued to plaintiff another policy, which described the property intended to be insured as follows:

"$1,000 on their lumber, shingles, pickets, timbers, sash, doors, blinds, battens, moldings, lime, cement, hair, coal, wire, paints, building paper, and other merchandise not hazardous, their own, or held by them in trust or on commission, or sold, but not delivered, and on their sheds, office, and warehouse building, office furniture and fixtures, iron safe, tools, wagons, sleighs, horses, harnesses, and feed, all while contained and situated in their yard building and sheds in Kenyon, Minn."

The first policy mentioned was issued for the period of one year, expiring on July 20, 1900, and was replaced by a new policy for the same amount, and containing the same description of the property. Subsequently the coal shed and coal therein took fire, and was entirely consumed. This action was brought to recover upon both policies, the contention of plaintiff being that both covered the coal sheds and coal. The cause was tried below by the court without a jury, and findings were made to the effect that the parties intended that the $1,000 policy should include not only the lumber yard, office, and sheds pertaining thereto, but that the coal shed and coal were included also.

The only question presented in this court is whether this finding is sustained by the evidence, or whether, from the appellant's standpoint, it is clearly and palpably against the evidence. It is a question of fact, or perhaps of mixed law and fact, to be determined from the evidence in the case, and all the facts and circumstances surrounding the relations and transactions between the parties. While there are some circumstances tending very strongly to show that the parties intended the policies to cover the separate properties, and a finding to that effect would have been sustained, the evidence is not so clearly and palpably in favor of that theory as to justify this court in setting aside the findings of the court below.

The order appealed from must therefore be affirmed.